**Hwesu S. MURRAY, Plaintiff–Appellant,**

v.

**NATIONAL BROADCASTING COMPANY, INC. and Brandon Tartikoff, Defendants–Appellees.**

No. 1566, Docket 93–9335.

United States Court of Appeals, Second Circuit.

Petition for Rehearing Submitted July 14, 1994.

Decided Aug. 12, 1994.

**46**

Gregory L. Reid, Mt. Vernon, NY, for plaintiff-appellant.

Susan Buckley, James Sandnes, Cahill, Gordon & Reindel, New York City, for defendants-appellees.

Before: NEWMAN, Chief Judge, and LUMBARD, Circuit Judge.*

JON O. NEWMAN, Chief Judge:

Appellant's petition for rehearing raises an institutional issue of court procedure that merits a brief opinion. The issue is whether a case may be validly adjudicated by a panel of two circuit judges under circumstances where one of the three judges originally assigned to hear the appeal recused himself immediately before oral argument. We conclude that the two-judge panel was authorized to proceed with the determination of the appeal. We therefore deny the petition for rehearing.

The appeal was originally assigned to a panel consisting of Judge Lumbard, Judge Oakes, and the writer. When the case was called for oral argument, Judge Oakes an-

* Judge Oakes, who was originally a member of the panel, recused himself prior to oral argument.

nounced that he was recusing himself and left the bench. He has not participated in the adjudication of the appeal. Argument was held before the remaining two judges of the panel. The two-judge panel affirmed by summary order, invoking Rule § 0.14(b) of the Local Rules of the Second Circuit. *Murray v. NBC*, 29 F.3d 621 (2d Cir.1994). Appellant's petition for rehearing includes the contention that disposition of the appeal by a two-judge panel violates both 28 U.S.C. § 46(b) (1988) and Local Rule § 0.14(b).

■■■ 1. *The statutory claim.* 28 U.S.C. § 46(b) provides:

> In each circuit the court may authorize the hearing and determination of cases and controversies by separate panels, each consisting of three judges. . . .

Though Congress enacted this provision to curtail the prior practice under which some circuits were routinely assigning some cases to two-judge panels, *see* S.Rep. No. 97–275, 97th Cong., 2d Sess. 9, *reprinted in* 1982 U.S.C.C.A.N. 11, 19, the legislative history makes clear that the statute was not intended to preclude disposition by a panel of two judges in the event that one member of a three-judge panel to which the appeal is assigned becomes unable to participate:

> The circuit courts could continue to adopt local rules permitting the disposition of an appeal in situations in which one of the three judges dies or becomes disabled and the remaining two agree on the disposition; but, *in the first instance,* all cases would be assigned to [a] panel of at least three judges.

*Id.* (emphasis added). The fact that the Senate Report identifies death or disability does not preclude unavailability because of late-discovered disqualification. Moreover, the Report makes no distinction between unavailability occurring before and after oral argument, emphasizing only that the appeal must be assigned "in the first instance" to a panel of three judges. This understanding of subsection 46(b) is explicitly borne out by subsection 46(d), which provides that "[a] majority of the number of judges authorized to constitute a court *or panel thereof,* as provided in paragraph (c) [authorizing panels of not more than three judges], shall consti-

tute a quorum." 28 U.S.C. § 46(d) (1988) (emphasis added).

Since the pending appeal was assigned to a panel of three judges "in the first instance," one of whom thereafter recused himself, we conclude that disposition by the remaining two judges did not violate section 46(c).

■■ 2. *The local rule claim.* Appellant's contention is more plausibly supported by reliance on Local Rule § 0.14(b), which provides:

> Unless directed otherwise, a panel of the court shall consist of three judges. If a judge of a panel of the court *which has heard argument or taken under submission any appeal,* petition or motion shall be unable to continue with the consideration of such matter by reason of death, illness, resignation, or incapacity, or shall be relieved of such consideration at the judge's request, the two remaining judges will determine the matter if they are in agreement and neither requests the designation of a third judge. If they are not in agreement or either requests such a designation, the Chief Judge will designate another circuit judge to sit in place of the judge who has become unable to continue or has been relieved.

2d Cir.R. § 0.14(b) (emphasis added). Relying on the underscored words, appellant contends that since Judge Oakes recused himself prior to oral argument, Rule § 0.14(b) does not permit disposition by a two-judge panel.

Though we acknowledge the force of the argument based on the literal wording of the local rule, we conclude, as the Supreme Court said in a somewhat similar context, that this is a situation where "any sacrifice of literalness for common sense does no violence" to the purpose of the rule. *See Textile Mills Securities Corp. v. Commissioner of Internal Revenue,* 314 U.S. 326, 334, 62 S.Ct. 272, 277–78, 86 L.Ed. 249 (1941). The rule is obviously intended to permit the Court to conduct its business expeditiously despite the unanticipated unavailability of one member of a three-judge panel. The literal terms of the rule would be satisfied had Judge Oakes sat through the oral argument and recused himself immediately there-

after. It makes no sense to apply the rule so mechanically as to require a different result where recusal occurs one-half hour earlier. Indeed, a rigid application of the local rule would arguably place it in tension with the statutory authority of two judges to constitute a quorum. *See* 28 U.S.C. § 46(d); *see also* 2d Cir.R. § 0.14(a) (specifying quorum of two judges).

We recognize that in the normal course of adjudicating appeals, consideration by three judges is preferable. *See Ojeda Rios v. Wigen*, 863 F.2d 196, 199 (2d Cir.1988) (Newman, J., chambers opinion) (noting that "on matters of substance, where recourse is had to a court of appeals, it is normally preferable, absent an emergency, to have decision rendered by more than an individual judge"); *United States v. Glover*, 731 F.2d 41, 51 (D.C.Cir.1984) (Mikva, J., dissenting) (criticizing summary procedure permitting physical presence of only two of three judges on motions panel and expressing the view that "the more minds considering a matter, the better the ultimate resolution of the case is likely to be").

Yet, as Judge Mikva recognized in his *Glover* dissent, "as our dockets have become more full, a need for the efficient use of judicial resources has arisen, and ... this quest for efficiency on occasion must be balanced against the need for judicial pluralism." *Id.* When a judge becomes aware of a ground of disqualification just prior to oral argument, replacement of the recused judge would impair the court's efficiency and burden the parties with a return visit to the court. The argument would have to be postponed until a later date when a third judge was available and could become prepared to hear the appeal. That postponement will normally "move[ ] the case to a new panel, thereby wasting the time invested by the members of the original panel and burdening three additional judges with an appeal that could have been adjudicated by the original panel." *United States v. Delia*, 925 F.2d 574, 575 (2d Cir.1991) (Newman, J., chambers opinion).

■ These considerations impel us to apply Rule § 0.14(b) with sufficient flexibility to permit disposition by two members of a three-judge panel, at least in those situations where the third judge becomes unavailable within such close proximity to the start of oral argument that replacement in time to maintain the date of the scheduled argument is not practical. Where a replacement judge can be secured without burdening the court or the parties, it will normally be preferable to do so. Under the circumstances of this case, we conclude that the local rule does not preclude disposition of the appeal by the remaining two members of the panel.

■ Though not requested to do so by the appellant, we have considered whether a third judge should now be enlisted for the limited purpose of considering this petition for rehearing. The efficiency concerns that weigh against requiring a third judge to hear the appeal itself are somewhat reduced at the rehearing stage, yet the need for a full panel of three judges is also somewhat reduced by virtue of the narrow focus of a rehearing petition, submitted after plenary consideration of an appeal. On such petitions, oral argument is not permitted, and no response is received unless requested by the court. *See* Fed.R.App.P. 40(a). On balance, we conclude that the remaining two members of the panel, explicitly authorized to constitute a quorum eligible to act, *see* 28 U.S.C. § 46(d), should adjudicate the petition without a third judge.

We have considered the substantive issues presented by the petition and conclude that the petition should be denied.[1]

---

1. Because this opinion concerns, in part, an administrative matter, the opinion has been circulated to all of the active judges of this Court prior to filing. *See United States v. Burnett*, 989 F.2d 100, 102 n. 1 (2d Cir.1993).