136 F.3d 230
 WHITEHALL TENANTS CORP.; Horace Bullard; Ita Bullard;
Fred Grunberg; Joseph Jablon; Mary Jablon; Susan Isaacs;
Philip Pollack; Walter Spier; Rosemarie Spier; Ludwig
Bravmann, individually and as representatives of the class
of non-sponsor shareholders of shares in Whitehall Tenants
Corp., Plaintiffs-Appellants,
v.
WHITEHALL REALTY CO., a partnership; Sylvia Olnick, as
Executrix of the Estate of Robert S. Olnick;
Richard Lane and Paul Milstein,
Defendants-Appellees.
 Docket No. 97-7423.
 United States Court of Appeals,
Second Circuit.
 Petition for Rehearing Submitted
Nov. 14, 1997.
Decided Jan. 9, 1998.
 
 Ira Daniel Tokayer, New York City (Howard I. Rhine, Coleman & Rhine, New York City, on the brief), for plaintiffs-appellants.
 Kevin L. Smith, New York City (Joseph L. Forstadt, Michele L. Jacobson, Stroock & Stroock & Lavan, New York City, on the brief), for defendants-appellees.
 Before: WINTER, Chief Judge, and NEWMAN and ALTIMARI, Circuit Judges.
 JON O. NEWMAN, Circuit Judge:
 
 
 1
 This petition for rehearing merits a brief opinion because it raises rarely litigated issues concerning the validity of a decision rendered by two judges of a panel after a third judge has recused himself. Though it is settled that a panel from which one judge has recused may render a decision, see 28 U.S.C. § 46(d); 2d Cir. R. § 0.14(b); Murray v. National Broadcasting Co., 35 F.3d 45 (2d Cir.1994), this petition raises the specific issues of whether the decision rendered by the remaining two judges is invalid either (1) because the judge who later recused had participated in the oral argument, or (2) because one of the remaining two judges heard a tape-recording of the oral argument in lieu of personal attendance. These issues are raised by appellants' petition for rehearing of the October 31, 1997, judgment of this Court, rendered by unpublished summary order, Whitehall Tenants Corp. v. Whitehall Realty Co., No. 97-7423, 1997 WL 829307 (2d Cir. Oct. 31, 1997), affirming the dismissal of their civil RICO complaint. We conclude that neither of the two identified circumstances affects the validity of this Court's judgment, and we therefore deny the petition for rehearing.
 
 
 2
 The panel to which this appeal was originally assigned consisted of Judge Altimari, Judge Calabresi, and myself. Judge Altimari, who was necessarily absent from the courtroom during oral argument, later heard a tape-recording of the oral argument. Judge Calabresi and I attended the argument and questioned counsel. After the argument, Judge Calabresi recused himself, upon realizing that one of the parties is the father of a close friend of the Judge's wife.[1] This Court's summary order, see 2d Cir. R. *232s 0.23, was issued by a panel consisting of Judge Altimari and myself. Because of the nature of the issues presented by the rehearing petition, the two-judge panel requested the addition of a third judge to the panel to adjudicate the petition, see 2d Cir. R. § 0.14(b), and Chief Judge Winter designated himself.[2]
 
 
 3
 Courts of appeals may hear and determine cases and controversies by panels consisting of three judges. 28 U.S.C. § 46(b), (c). The authority of a two-judge panel to adjudicate a matter in the absence of a third judge originally designated to serve with the panel is established by 28 U.S.C. § 46(d), which provides that "[a] majority of the number of judges authorized to constitute a court or panel thereof, as provided in paragraph (c), shall constitute a quorum."[3] See Ayrshire Collieries Corp. v. United States, 331 U.S. 132, 138, 67 S.Ct. 1168, 1171, 91 L.Ed. 1391 (1947) (comparing two-judge quorum provision for panel of court of appeals with absence of such provision for statutory three-judge district court); United States v. Allied Stevedoring Corp., 241 F.2d 925, 927 (2d Cir.1957) (death of third judge); Tobin v. Ramey, 206 F.2d 505, 507 (5th Cir.1953) ("The word quorum as therein used [in subsection 46(d) ] means such a number of the members of the court as may legally transact judicial business."). We have implemented by local rule the authority for two-judge panels to act in the absence of an originally designated third judge. See 2d Cir. R. § 0.14(b) (remaining two judges may act if they are in agreement and neither requests designation of third judge); Murray, 35 F.3d at 47-48 (two-judge panel may act where recusal occurs just prior to oral argument).
 
 
 4
 1. Judge's participation in questioning prior to recusal.
 
 
 5
 Appellants contend that the judgment rendered by the two-judge panel, after Judge Calabresi's recusal, is invalid because he participated in questioning during oral argument, prior to his recusal. Though two-judge panels have often decided appeals after one of the judges hearing argument has recused, see, e.g., Tagatz v. Marquette University, 861 F.2d 1040, 1042 n. * (7th Cir.1988); Giacalone v. Abrams, 850 F.2d 79, 80 n. * (2d Cir.1988); Love v. Young, 781 F.2d 1307, 1308 n. * (7th Cir.1986), this appears to be the first case in which the propriety of a two-judge panel has been challenged because of the recused judge's participation in the oral argument. We think the challenge lacks merit.
 
 
 6
 A recused judge's participation in questioning during oral argument does not constitute the sort of participation in the deliberative process that might impair the validity of a judgment. Questioning counsel during oral argument is an opportunity to illuminate issues, not resolve them. Though the deliberative process might begin for each judge individually as briefs are read prior to argument, the input of one judge upon the deliberations of panel colleagues normally does not occur until the appeal is finally submitted after argument.
 
 
 7
 Moreover, though a judge must recuse when his impartiality "might reasonably be questioned," 28 U.S.C. § 455(a), whether or not he is aware of the circumstances giving rise to the basis for such reasonable questioning, see Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 858-61, 108 S.Ct. 2194, 2201-03, 100 L.Ed.2d 855 (1988), lack of awareness "may bear on the question of remedy," id. at 859, 108 S.Ct. at 2202. In the pending case, the remote circumstance that persuaded Judge Calabresi to recuse himself in an abundance of caution had not occurred to him until after the conclusion of oral argument, and the circumstance involved no interest--pecuniary or otherwise--in the outcome of the litigation. Invalidation of the judgment because of his attendance at oral argument is not remotely warranted.[4]
 
 
 8
 2. Judge's absence from oral argument when serving as member of two-judge panel.
 
 
 9
 Appellants also contend that the judgment rendered by the two-judge panel, after Judge Calabresi's recusal, is invalid because one member of that panel was unavoidably absent from the oral argument and gained the benefit of the argument by hearing a tape-recording of it. In appellants' view, the two-judge quorum requirement specified by statute, see 28 U.S.C. § 46(d), and local rule, 2d Cir. R. § 0.14(a), is violated when one of the two judges is absent from the oral argument. Again, we disagree.
 
 
 10
 Though our Court provides oral argument unless the panel elects not to have it, after affording the parties an opportunity to show why argument is needed, see 2d Cir. R. 34, a judge's absence from the bench is not the denial of oral argument. Oral arguments in this Court are tape-recorded, and judges absent from an argument listen to the taped recording. The judge hearing the tape has received all the benefit of counsel's advocacy. The judge's absence, at most, deprives the lawyers of the "opportunity" to have the judge ask them questions, surely not a protected right.
 
 
 11
 The petition for rehearing, and a previously filed motion to vacate the summary order, are denied.[5]
 
 
 
 [1]
 Footnote * of this Court's summary order reports that after oral argument Judge Calabresi "withdrew" from the panel. Because his withdrawal resulted from recusal, as noted above, we need not consider appellants' contention that a judge's withdrawal from a panel for reasons other than recusal, illness, disability, or death would preclude the remaining two judges from adjudicating an appeal
 
 
 [2]
 Judges who participated in a panel decision remain eligible to consider a petition for rehearing. Edwards v. United States, 334 F.2d 360, 363 n. 2 (5th Cir.1964) (in banc)
 
 
 [3]
 Also arguably relevant is subsection 46(b), which provides:
 In each circuit the court may authorize the hearing and determination of cases and controversies by separate panels, each consisting of three judges, at least a majority of whom shall be judges of that court, unless such judges cannot sit because recused or disqualified, or unless the chief judge of that court certifies that there is an emergency including, but not limited to, the unavailability of a judge of the court because of illness....
 There is some uncertainty whether the first "unless" clause permits an exception to the requirement that each panel consist of three judges, or to the requirement that a majority of the three-judge panel must be "judges of that court," either active or senior judges, see In re Bongiorno, 694 F.2d 917 (2d Cir.1982). The structure and juxtaposition of the two "unless" clauses suggest that they are exceptions to the same requirement, but which requirement they modify is unclear. Since subsection 46(d) authorizes two judges of a panel to function as a quorum, it is unlikely that the first "unless" clause of subsection 46(c) was needed to permit two judges to adjudicate a matter in the absence of a third judge, originally designated. The two "unless" clauses probably modify the immediately preceding requirement that two of the three judges must be judges "of that court." If they modify the first stated requirement that a panel consist of three judges, the requirement that two of the judges must be members "of that court" would be a parenthetical aside.
 In at least one Circuit, the view has been expressed that the second "unless" clause modifies the requirement that a majority of the panel must be judges "of that court." See Charles Clark, Chief Judge's Order Declaring an Emergency Under 28 U.S.C. § 46(b) (1991), 28 U.S.C.A. § 46, Historical and Statutory Notes (West 1993).
 
 
 [4]
 We need not rely upon the additional circumstance that, even if Judge Calabresi had participated in the deliberation and decision of this appeal, his vote would not have been decisive. Cf. Aetna Life Insurance Co. v. Lavoie, 475 U.S. 813, 821-25, 827-28, 106 S.Ct. 1580, 1585-87, 1588-89, 89 L.Ed.2d 823 (1986) (vacating judgment where deciding vote of multi-member court cast by judge with substantial pecuniary interest in outcome, without intimating views concerning remedy where disqualified judge casts a non-decisive vote)
 
 
 [5]
 Appellants maintain in their rehearing petition that since, in their view, this Court's Summary Order "is void ab initio," Petition for Rehearing at 4 n.2, the issues that they believe concern the substantive correctness of the Order "are not appropriately addressed at this time," id. This attempt to bifurcate a petition for rehearing is unavailing. Just as an appellant seeking reversal both for lack of district court jurisdiction and for substantive error is obliged to present all arguments within the applicable time limits, so a petitioner for rehearing must present all available contentions within the time provided for such a petition