*Elroy BENALLY*
Plaintiff-Appellant
*vs.*
*MOBIL OIL CORPORATION, nka ExxonMobil Oil Corporation*
Defendant-Appellee
In the Supreme Court of the Navajo Nation

No. SC-CV-05-01

November 14, 2003

366

Daniel M. Rosenfelt, Esq., Albuquerque, New Mexico, for Appellant.

James E. Ledbetter, Esq., Cottonwood, (Arizona) for Appellee.

Before YAZZIE, Chief Justice, and FERGUSON, Associate Justice.

Opinion delivered by YAZZIE, Chief Justice.

This matter comes before this Court on Appellee's objection to a two-justice panel. Appellee contends that 7 N.N.C. § 301(A) requires a three-justice panel on all written opinions and that this Court cannot use a two-justice panel to issue its decision in this case.

I

Three justices of this Court originally heard this case at oral argument on June 21, 2002. During the consideration of this case, the Judiciary Committee of the Navajo Nation Council removed Justice Marcella King-Ben as Associate Justice of this Court. This decision left two justices on the panel that heard the case. Based on this, we issued a Notice of Two-Justice Panel on August 13, 2003, stating that a decision was near completion and requesting any objection to a two-justice opinion. Appellee objected in writing on September 4, 2003. Given the importance of the issue we requested briefs. Both sides submitted briefs on the issue.

II

Appellee's primary contention is that the plain language of 7 N.N.C. § 301(A) requires a three-justice panel on all decisions:

> The Supreme Court of the Navajo Nation shall consist of the Chief Justice of the Navajo Nation and two Associates Justices of the Supreme Court.

Appellee emphasizes the word "shall," arguing that this is a "statutory mandate" for this Court to issue only three-justice decisions. Reply to Plaintiff's Appellants' Motion for Two-Judge Supreme Court Panel at p. 2. Appellee also argues that a three-justice panel is consistent with Navajo common law that emphasizes "talking out" issues. *Id.*

At issue is the meaning of Section 301(A). Section 301(A) is part of Title 7 of the Navajo Nation Code which sets out the origin, structure, and authority of the district courts and this Court. It comes from Resolution CO-69-58, which created the Navajo courts by replacing the old Court of Indian Offenses. The language remained basically the same through several revisions by the Navajo Nation Council, except for the replacement of two trial court judges with Associate Justices in Resolution CMY-39-78 and "Supreme Court" for the "Court of Appeals" in Resolution CD-94-85, the Judicial Reform Act of 1985. The Reform Act renamed the Court of Appeals the Supreme Court of the Navajo Nation.

Though on its face 301(A) states three justices make up this Court, other

sections of the Judicial Reform Act and its predecessors demonstrate that the Navajo Nation Council authorized this Court to use a two-justice panel when necessary. 7 N.N.C. § 303 authorizes this Court to issue writs and orders:

> The Supreme Court shall have the power to issue any writs or orders necessary and proper to the complete exercise of its jurisdiction or to prevent or remedy any act of any Court which is beyond such Court's jurisdiction, or to cause a Court to act where such Court unlawfully fails or refuses to act within its jurisdiction.

This provision dates back to the original Resolution CO-69-58 and remains basically unchanged. Another provision in that resolution required the presence of three justices at any appeal:

> The proceedings on appeal shall consist of a trial *de novo* before the Chief Justice *and two judges* of the Trial Court of the Navajo Tribe, other than the judge who herd [sic] the case in the Trial Court.

Resolution CO-69-58, § 6 (second emphasis added). The Navajo Nation Council included this provision in a later revision, but eliminated it in the Judicial Reform Act. Resolution CJA-5-59, §7(b); CD-94-85, Exhibit D, § 803. The Council also added a new provision in the 1985 act:

> The Chief Justice of the Supreme Court shall preside at all proceedings before the Supreme Court. If the Chief Justice is unable to preside for whatever reason, he shall designate a presiding Justice from the Associate Justices. *Id.*

The exclusion of the three-justice requirement but inclusion of the "necessary and proper" section in the Reform Act suggests that the Navajo Nation Council intended this Court to have some discretion to foster the efficient flow of appeals. As the procedural requirement for three justices was a separate section, Section 301(A) merely defines the make-up of the Court. It does not independently restrict the Court to three justices where the Navajo Nation Council had included a separate provision to do so. Once the Council eliminated that provision, the Court is no longer restricted in issuing a two-justice opinion where "necessary and proper," as long as the Chief Justice or his or her designate presides in the case. This Court therefore has the authority to issue two-justice opinions in certain circumstances. This Court does not arbitrarily use a two-justice panel, but will use one when "necessary and proper" to move cases forward.

### III

Under the circumstances it is "necessary and proper" to issue a two-justice opinion in this case. The parties have already submitted their briefs in this case and the three justices heard oral argument. To appoint a third justice after the fact in this case would lead to two possibilities: that third justice would join in making a decision without the opportunity to question the parties or this Court would have to hold another oral argument. The first alternative is unfair to the parties and the second does not promote an efficient flow of cases by this Court.

We therefore conclude that in cases where three justices were assigned to a case and one becomes unavailable during consideration due to resignation, removal or other reason beyond the control of the Court, this Court may issue an opinion by the remaining two justices. Federal appellate courts considering the same issue have made the same conclusion. *See Nguyen v. United States*, 123 S. Ct. 2130, 2138-39 (2003) (noting with approval Second Circuit cases allowing two-judge panels when third judge becomes unavailable); *Whitehall Tenants Corp.*, 136 F.3d 230, 232-33 (2nd Cir. 1998) (recusal of third judge after oral argument); *Murray v. National Broadcasting Co.*, 35 F.3d 45, 47 (2nd Cir. 1994) (recusal of third judge before oral argument); *United States v. Allied Stevedoring Corp.*, 241 F.2d 925, 927 (2nd Cir. 1957) (death of third judge). Though Navajo common law emphasizes that issues be "talked out," *see e.g. Singer v. Nez*, 8 Nav. R. 122, 130 (Nav. Sup. Ct. 2001), Appellee does not show that two justices instead of three on this case will violate the spirit of "talking things out."

It is therefore ORDERED that this Court will issue the opinion in this case with a two-justice panel.