

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-16-2005

# Kuntjorohadi v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4192

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Kuntjorohadi v. Atty Gen USA" (2005). *2005 Decisions*. Paper 1451.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1451

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 03-4192

DEWI YANI EFFENDI KUNTJOROHADI;
HOK HAY OEIJ,

Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES;
BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES,

Petition for Review of a Decision
of the Board of Immigration Appeals
(Nos. A79 307 561, A79 307 562)

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 19, 2004

Before: SCIRICA, *Chief Circuit Judge*,
and McKEE and CHERTOFF, *Circuit Judges.* \*

(Filed March 16, 2005)

---

\*This case was originally submitted before the three-judge panel of Scirica, *Chief Judge*, McKee and Chertoff, *Circuit Judges*. However, Judge Chertoff subsequently recused. Because the remaining two judges agreed on the opinion and disposition of the case, it was not necessary to assign a third judge. *Linde v. Phelps*, 731 F.2d 1201 (5th Cir. 1984); *Murray v. Nat'l Broadcasting Co.*, 35 F.3d 45 (2nd Cir. 1994). Following his recusal, and before the filing of this opinion, Judge Chertoff resigned from the court. The decision is therefore filed by a quorum of the panel. 28 U.S.C. §§ 46(d).

OPINION

McKEE, *Circuit Judge*.

Dewi Yani Kuntjorohadi and her husband, Hok Hay Oeij, petition us to review a decision of the Board of Immigration Appeals denying their application for asylum and withholding of removal and ordering their voluntary departure. For the reasons that follow, we will dismiss the petition.

Because we write only for the parties, it is not necessary to recite the facts of this case in detail. It is sufficient to note the following: the petitioners are nationals of Indonesia who are of Chinese ethnicity and Catholic. They allege people of their ethnicity and faith are both subjected to discrimination in Indonesia. They arrived in the United States with visitor visas that authorized them to stay until May 24, 2000; both remained in the United States beyond their authorized stay.

Petitioners concede their removability, but seek asylum, restriction (or withholding) on removal, relief under the Convention Against Torture, and alternatively, voluntary departure. Following an evidentiary hearing, the Immigration Judge denied their application for asylum, withholding of removal, and for relief under the Convention Against Torture, but granted the request for voluntary departure, imposing a $1,000 bond for each petitioner. The Board of Immigration Appeals affirmed the Immigration Judge's decision pursuant to 8 C.F.R. § 208.4, and this petition for review followed. Petitioners

ask us to review only the ruling on their asylum claim. They do not contest the denial of their claims for withholding of removal and for relief under the Convention Against Torture.

The Immigration Judge refused to consider the petitioners' claim for political asylum, on the grounds that the application for asylum was not timely filed. An application for asylum must be filed within one year of entry into the United States, unless the applicant is able to demonstrate changed circumstances materially affecting his/her eligibility for asylum or extraordinary circumstances relating to the delay in filing. 8 U.S.C. § 1158(a)(2) (2002). Petitioners admit that they entered the United States on November 25, 1999, but did not submit an application for asylum until April 11, 2001. Petitioner's Br. at 4.

They attempt to demonstrate extraordinary circumstances as well as changed circumstances by arguing: (1) their ignorance of the one-year time limit for asylum applications, and (2) the worsening of social and political conditions in Indonesia in December, 2000. *Id.* at 10. The Immigration Judge found these reasons to be insufficient, and so did not consider the application for asylum.

We do not have jurisdiction to consider the merits of the petitioners' application for asylum, its timeliness, nor the sufficiency of the alleged exceptions to the period of limitations. *See* 8 U.S.C. § 1158(a)(3) (2002).

Inasmuch as this is the only issue petitioners have raised, we can not review the

merits of their other grounds for relief either. Accordingly, the petition for review will be dismissed.