

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-16-2005

# USA v. Taylor

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4602

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Taylor" (2005). *2005 Decisions.* Paper 1005.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1005

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 03-4602

UNITED STATES OF AMERICA

v.

AARON TAYLOR,

Appellant

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(Crim. No. 02-cr-00066-1)
District Court: Hon. R. Barclay Surrick

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 18, 2004

Before: SCIRICA, Chief Judge,
and McKEE and CHERTOFF,* Circuit Judges.

OPINION

McKEE, Circuit Judge.

Aaron Taylor appeals the judgment of conviction and sentence that was entered

following his conviction for possessing cocaine with the intent to distribute (21 U.S.C. §

---

* This case was originally submitted before the three-judge panel of Scirica, *Chief Judge,* McKee and Chertoff, *Circuit Judges.* However, Judge Chertoff subsequently resigned from the court before this opinion was filed. Because the remaining two judges agreed on the opinion and disposition of the case, it was not necessary to assign a third judge. *Liner v. Phelps,* 731 F.2d 1201 (5th Cir.1984); *Murray v. Nat'l Broadcasting Co.,* 35 F.3d 45 (2nd Cir.1994). The decision is therefore filed by a quorum of the panel. 28 U.S.C. §§ 46(d).

841 (a)(1)), and being a felon in possession of a firearm (18 U.S.C. § 922(g)). He argues that his sentence should be vacated in light of the Supreme Court's recent decision in *U.S. v. Booker*, 125 S. Ct. 738 (2005). He also argues that 18 U.S.C. § 922(g) is unconstitutional because it does not require a sufficient nexus to interstate or foreign commerce.[2] For the reasons that follow, we will remand this case to the district court for re-sentencing.

## I.

Because we write primarily for the parties, it is not necessary to recite the facts of this case in detail. In *Booker*, the Supreme Court declared the U.S. Sentencing Guidelines to be "effectively advisory" and no longer binding upon sentencing courts. *Booker*, 125 S. Ct. at 757. Thereafter, in *U.S. v Davis*, 407 F.3d 162 (3d Cir. 2005), we explained:

> Because the sentencing calculus was governed by a Guidelines framework erroneously believed to be mandatory, the outcome of each sentencing hearing conducted under this framework was necessarily affected. Although plain error jurisprudence generally places the burden on an appellant to demonstrate specific prejudice flowing from the District Court's error, in this context—where mandatory sentencing was governed by an erroneous scheme—prejudice can be presumed. . . . Accordingly, defendants sentenced under the previously mandatory regime whose sentences are being challenged on direct appeal may be able to demonstrate plain error and prejudice. We will remand such cases for resentencing.

---

[2] Taylor concedes that this claim is only raised to preserve it for subsequent review. *See* Appellant's Br. at 28-29.

407 F.3d at 165.  Our resolution of Taylor's challenge to the application of the mandatory

regime of the Guidelines is therefore governed by *Booker* and *Davis*, and we will remand

for resentencing.[3]

However, we reject Taylor's challenge to the constitutionality of 18 U.S.C. §

922(g) on its merits.  Taylor candidly concedes that he is presenting a "bare summary of

[this] argument" in case *U.S. v Singletary*, 268 F.3d 196 (3d Cir. 2001) is overruled, or a

decision of the Supreme Court alters the jurisprudential landscape. Appellant's Br. At 28-

29.  He thus acknowledges that we are clearly governed by *Singletary*.

18 U.S.C. § 922(g) states, in relevant part:

> It shall be unlawful for any person--
> (1) who has been convicted in any court of, a crime
> punishable by imprisonment for a term exceeding one year; . . .
>
> to ship or transport in interstate or foreign commerce, or
> possess in or affecting commerce, any firearm or ammunition;
> or *to receive any firearm or ammunition which has been*
> *shipped or transported in interstate or foreign commerce.*

18 U.S.C. § 922 (emphasis added).  The evidence here established that the gun in

question was manufactured in Brazil, and shipped to Pennsylvania from Maryland.  Thus,

it can hardly be disputed that, at some point, it was shipped or transported in both

---

[3] Taylor also argues that the district court violated the rule of *Blakely v. Washington*, 124 S. Ct. 2531 (2004) in applying the career offender provision of the Guidelines. However, inasmuch as we are remanding for resentencing under *Booker* and *Davis*, the district court will have discretion to fashion an appropriate sentence and need not apply that enhancement.  Accordingly, we need not address that challenge to the operation of mandatory Guidelines that existed before *Booker*.

interstate *and* foreign commerce, as it was made in Brazil, imported into Maryland, and shipped to Pennsylvania. App. 340a, 346a. It is also evident that Taylor *received* the firearm at some point, as it was in his possession at the time of his arrest in Pennsylvania. App. 13a-14a. Obviously, the gun could not have gone from Brazil to Maryland and Pennsylvania without traveling in interstate and foreign commerce.

### III.

In light of the recent decisions by the Supreme Court and this Circuit, we will vacate the district court's judgment of sentence and remand for resentencing.

_____