[PUBLISH]

# IN THE UNITED STATES COURT OF APPEALS

# FOR THE ELEVENTH CIRCUIT

_____

No. 12-14629

_____

D. C. Docket No. 8:12-cr-00169-EAK-MAP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIO PONCE RODRIGUEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

Before ANDERSON, Circuit Judge, and MOODY* and SCHLESINGER,**
District Judges.

_____

*Honorable James S. Moody, Jr., United States District Judge for the Middle District of
Florida, sitting by designation.
**Honorable Harvey E. Schlesinger, United States District Judge for the Middle District
of Florida, sitting by designation.

PER CURIAM:

The petition for panel rehearing filed by appellant is DENIED. However, one issue, raised by appellant for the first time in his petition for rehearing, warrants brief discussion. Although our panel opinion was not published, this new issue warrants publication.

On December 30, 2013, the Chief Judge of this Circuit entered General Order No. 41, declaring, pursuant to 28 U.S.C. §46(b), that an "emergency exists during which the hearing and determination of cases and controversies may be conducted by panels of three judges without meeting the usual qualification contained in §46(b) that a majority of each panel be composed of judges of this Court."[1] Section 46(b) provides in relevant part:

> In each circuit the court may authorize the hearing and determination of cases and controversies by separate panels, each consisting of three judges, at least a majority of whom shall be judges of that court, unless such judges cannot sit because recused or disqualified, or unless the chief judge of that court certifies that there is an emergency including, but not limited to, the unavailability of a judge of the court because of illness.

28 U.S.C. § 46(b).

---

[1] Because appellant raises this challenge to General Order No. 41 for the first time in his petition for rehearing, we hold that his challenge is waived; appellant was informed two weeks before argument of the composition of the panel and could have challenged it at that time. Cf. Evans v. Stephens, 387 F.3d 1220, 1222 n.1 (11th Cir. 2004) (en banc) (holding that the challenge to the composition of the en banc court was not jurisdictional but noting that the motion was timely because it was made before argument). However, the significance of this issue for the effective operation of the judicial functions of this Court prompts us to nevertheless address the issue in an alternative holding.

2

It was a well-known and indisputable fact, both at the time of the Chief Judge's General Order and at the time of oral argument and decision in this case, that this Circuit was authorized to have twelve circuit judges in regular active service, but that the Circuit had only eight such judges, with four vacancies. It is also a well-known and indisputable fact[2] that the Circuit has experienced several vacancies for an extended time, and that , even with a full complement of the Circuit's authorized judges, the Circuit has a heavy case load per judge.

We hold that Chief Judge's General Order No. 41 declares an emergency clearly contemplated by Congress in §46(b). The statute contemplates the possibility of such emergency even in the event of an extended illness of a single judge. See §46(b) ("unless the chief judge of that court certifies that there is an emergency, including, but not limited to, the unavailability of a judge of the court because of illness." ) (emphasis added).[3] It follows a fortiori that the extended

---

[2]    We take judicial notice of the foregoing well-known and indisputable facts. See Fed.R.Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

[3]    We believe the illness example must refer to an extended illness, because a sudden, temporary illness of a judge after originally designated to serve on a particular panel is otherwise provided for in §46(d) ("A majority of the number of judges authorized to constitute a court, or a panel thereof, . . . shall constitute a quorum.")

3

shortage of judges caused by the vacancies here, together with the heavy per judge caseload of this Circuit, qualifies as an emergency contemplated by Congress.[4]

Although there is very little precedent bearing on this issue, what little there is supports our holding. See Carolyn Dineen King, Chief Judge's Order Declaring an Emergency Under 28 U.S.C. § 46(b) (1999), 28 U.S.C.A. § 46, Historical and Statutory Notes  (declaring judicial emergency for the Fifth Circuit and suspending compliance with § 46(b)'s majority requirement in light of three vacancies, an injured active judge, and heavy caseload per judge); Charles Clark, Chief Judge's Order Declaring an Emergency Under 28 U.S.C. § 46(b) (1991), 28 U.S.C.A. § 46, Historical and Statutory Notes (West 1993) (declaring judicial emergency for the Fifth Circuit and suspending compliance with § 46(b)'s majority requirement in the wake of at least two vacancies and heavy caseload per judge); Cf. Whitehall Tenants Corporation v. Whitehall Realty Co., 136 F.3d 230, 232 n.3 (2d Cir. 1998).

---

[4]     We readily reject appellant's suggestion that the two "unless" clauses in the above-quoted, indented sentence from §46(b) provide an exception from the requirement that each panel consist of three judges, rather than an exception from the requirement that a majority of the three judges be judges of that court.  We hold that the two "unless" clauses modify, and provide an exception from, the more immediate of the two preceding phrases.  That is, we hold that the two "unless" clauses provide an exception to the requirement that a majority of the three judges on the panel be judges of that court.  See Whitehead Tenants Corp. v. Whitehead Realty Co., 136 F.3d 230, 232, n.3 (2d Cir. 1998) ("The two 'unless' clauses probably modify the immediately preceding requirement that two of the three judges must be judges 'of that court.'").  We need not address whether the two "unless" clauses also modify the other phrase.